**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

APPLIED BIOLOGICS LLC, a South Dakota
limited liability company,

     Plaintiff,

v.

ELIZALDE HEALTHCARE S.C., d/b/a
WOUNDCARE VIP, an Illinois corporation,

     Defendant.

Case No. 1:25-cv-14860

**DEFENDANT'S ANSWER TO COMPLAINT**

     NOW COMES, the Defendant, Elizalde Healthcare S.C., ("Elizalde") or ("Defendant"), by and through its counsel, JurisHealth Corp., for its Answer to the Plaintiff's, Applied Biologics, LLC, ("Plaintiff") Complaint, and states as follows:

1. Plaintiff is a foreign manager-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of business located in Scottsdale, Arizona.
   **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Plaintiff's sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona, and it is therefore a citizen of Delaware and Arizona.
   **ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. Defendant is a domestic corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Glendale Heights, Illinois. Defendant is therefore a citizen of the State of Illinois.
   **ANSWER:** Defendant admits the allegations in Paragraph 3.

4. Defendant is and was doing business as Woundcare VIP at all times relevant to this Complaint.

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.
**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendant conducts, or has conducted, business in the Northern District of Illinois, and Defendant has caused certain events to occur in the Northern District of Illinois out of which this action arises.
**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).
**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. Plaintiff is a fully-integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.
**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Among the medical products manufactured and distributed by Plaintiff is a medical product called XWRAP® (the "Product").
**ANSWER:** Defendant admits the allegations in Paragraph 9.

10. The Product is an allograft that is used in the management of chronic wounds such as diabetic foot ulcers, venous stasis ulcers and pressure ulcers.
**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Defendant ordered the Product from Plaintiff.
**ANSWER:** Defendant admits it ordered the Product, but denies that Paragraph 11 fully or accurately state the terms and conditions for the purchase stated.

12. Thereafter, Plaintiff shipped the Product to Defendant and invoiced Defendant for the Product, as set forth below (collectively, the "Invoices"):

|  | Invoice No. | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 1. | 7751 | 11/18/2024 | 12/18/2024 | $84,060.00 |
| 2. | 7861 | 11/26/2024 | 12/26/2024 | $77,060.00 |

| 3. | 7939 | 12/3/2024 | 1/2/2025 | $84,070.00 |
|---|---|---|---|---|
| 4. | 8042 | 12/14/2024 | 1/13/2025 | $77,060.00 |
| 5. | 8159 | 12/30/2024 | 1/29/2025 | $70,060.00 |
| 6. | 8228 | 12/31/2024 | 1/30/2025 | $63,060.00 |
| 7. | 9033 | 12/31/2024 | 1/30/2025 | $56,060.00 |
| **TOTAL** | | | | **$511, 430.00** |

True and correct copies of the Invoices are attached hereto and incorporated herein by reference as **Exhibit 1**.
**ANSWER:** Defendant admits that Plaintiff shipped the Product but denies all other allegations in Paragraph 12 and requires strict proof.

13. Pursuant to the terms of the Invoices, and as reflected in the table above, payment for the Product was due within thirty (30) days of the dates listed on the respective Invoices.
**ANSWER:** Defendant denies the allegations in Paragraph 13 and denies that the Invoices imposed binding payment terms on Defendant.

14. On information and belief, Defendant used the Product that Plaintiff provided to it.
**ANSWER:** Defendant admits it used the Product.

15. To date, however, Defendant has failed and refused to remit payment to Plaintiff for the Product.
**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. As of November 14, 2025, Defendant was indebted to Plaintiff under the Invoices in the amount of $511,430.00 (the "Outstanding Amount").
**ANSWER:** Defendant denies the allegations in Paragraph 16.

17. At all relevant times, Plaintiff has fully complied with its obligations under the Invoices.
**ANSWER:** Defendant denies the allegations in Paragraph 17.

## COUNT 1 – Breach of Contract

18. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.
**ANSWER:** Defendant restates its answers to Paragraphs 1-17 as though fully stated herein.

19. The Invoices constitute valid and binding contracts.
**ANSWER:** Defendant denies the allegations in Paragraph 19.

20. At all relevant times, Plaintiff performed all its contractual obligations, namely, delivery of the Product that Defendant purchased from Plaintiff.
**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. Under the Invoices, Defendant has a contractual obligation to pay Plaintiff for the Product it received from Plaintiff.
**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. Defendant has materially breached its contractual obligations by failing and refusing to pay the Outstanding Amount due under the Invoices to Plaintiff.
**ANSWER:** Defendant denies the allegations in Paragraph 22.

23. As a direct and proximate result of Defendant's material breach of its payment obligations under the Invoices, Plaintiff has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.
**ANSWER:** Defendant denies the allegations in Paragraph 23.

### COUNT II – Account Stated

24. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.
**ANSWER:** Defendant restates its answers to Paragraphs 1-23 as though fully stated herein.

25. Plaintiff and Defendant agreed that Plaintiff would provide Product to Defendant on account, and that Defendant would pay to Plaintiff the balance of the account.
**ANSWER:** Defendant denies the allegations in Paragraph 25.

26. Plaintiff issued Invoices to Defendant as set forth herein, and Defendant did not object to the amounts due.
**ANSWER:** Defendant admits that Plaintiff issued Invoices, however, Defendant denies all other factual and legal conclusions contained in Paragraph 26.

27. Defendant agreed, expressly or by implication, that the account balance is correct.
**ANSWER:** Defendant denies the allegations in Paragraph 27.

28. Defendant failed to pay Plaintiff when the amounts became due and owing.
**ANSWER:** Defendant denies the allegations in Paragraph 28.

29. The account remains unpaid, and Plaintiff is due the balance of the account.

**ANSWER:** Defendant denies the allegations in Paragraph 29.

## COUNT III – Alternative Claim for Unjust Enrichment

30. Plaintiff incorporates by reference each of the allegations in the previous paragraphs of this Complaint as though fully set forth herein.
**ANSWER:** Defendant restates its answers to Paragraphs 1-29 as though fully stated herein.

31. By providing the Product to Defendant as set forth herein and evidenced by the Invoices, Plaintiff conferred a benefit upon Defendant, with Defendant's express consent and at Defendant's express request.
**ANSWER:** Defendant denies the allegations in Paragraph 31.

32. Plaintiff reasonably expected payment for the benefit conferred without delay.
**ANSWER:** Defendant denies the allegations in Paragraph 32.

33. It would be unjust for Defendant to retain the benefit Plaintiff conferred without restitution not less than the Outstanding Amount.
**ANSWER:** Defendant denies the allegations in Paragraph 33.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without assuming any burden of proof not otherwise imposed by law, Defendant asserts the following affirmative defenses:

1. **Failure of Condition Precedent (Rule 9(c))**
Defendant's obligation to remit payment for the Product was expressly or impliedly conditioned upon reimbursement by Medicare or the applicable insurer. Plaintiff provided the Product to Defendant and undertook insurance verification for coverage. Reimbursement did not occur, and the condition precedent to payment was not satisfied.

2. **Lack of Mutual Assent—No Enforceable Contract**
No valid or enforceable contract existed between the parties. The alleged Invoices, if transmitted, do not constitute binding contracts absent Defendant's assent. There was no meeting of the minds regarding Defendant's personal obligation to pay the invoiced amounts.

3. **No Assent to Account Stated**
Plaintiff's account stated claim fails because Defendant did not assent, expressly or impliedly, to any final balance. Defendant reasonably believed that payment would be

made by insurance and/or Medicare, and silence under those circumstances does not constitute assent to a stated account.

4. **Unjust Enrichment Barred**

   Plaintiff's unjust enrichment claim is barred because Plaintiff alleges the existence of express or implied contracts governing the same subject matter. Where a contract governs, equitable relief is unavailable.

WHEREFORE, the Defendant, Elizalde Healthcare S.C., respectfully requests this Court:

1. Enter judgment in favor of Defendant against Plaintiff; and
2. Grant such other and further relief as this it deems just and proper.

Dated: January 28, 2026

Respectfully submitted,

*/s/ Michael J. Raiz*
**Michael J. Raiz**
mraiz@jurishealth.law
JURISHEALTH CORP.
24W500 Maple Ave., Ste. 219
Naperville, IL 60540
(630) 995-9220
Atty. No. 6220425

**ATTORNEYS FOR DEFENDANT
ELIZALDE HEALTHCARE, S.C.**